IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| Keith D. Goodman, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11cv79 (GBL/IDD) |
| | ) | |
| Gene M. Johnson, et al., | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

This Matter is before the Court on a Motion to Dismiss filed by the defendant C. Mayes and a Motion for Summary Judgment filed by the remaining defendants in this action. Keith D. Goodman, a Virginia inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983, alleging that the defendants were deliberately indifferent to his serious medical needs because they refused to prescribe him contact lenses instead of eyeglasses. According to plaintiff, he suffers from severe headaches as a result of wearing eyeglasses. On July 21, 2011, defendant C. Mayes filed a Motion to Dismiss. On July 25, 2011, the remaining defendants filed a Joint Motion for Summary Judgment. Plaintiff was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and filed a response to the Motion to Dismiss and the Motion for Summary Judgment on August 11, 2011.

For the reasons that follow, C. Mayes' Motion to Dismiss will be granted, as will the remaining defendants' Joint Motion for Summary Judgment.

I. Background

Plaintiff alleges that he has been diagnosed as having 20/200 vision and has been wearing contact lenses for more than twenty years. Am. Compl. at ¶¶ 23, 24. ECF No. 7. Allegedly, plaintiff avoids wearing eyeglasses, except when necessary, "due to regular headaches that occur

solely as a result of using eyeglasses." Id. at ¶ 26. According to plaintiff, he does not experience headaches while wearing contact lenses or when he does not use eyeglasses. Id. at ¶ 26.

Plaintiff claims that the headaches that result from wearing eyeglasses are "continuous . . . and severe" and sometimes render plaintiff unable to read. Id. at ¶ 27. Furthermore, plaintiff alleges that if he does not wear eyeglasses to avoid headaches, he is unable to see and "is in danger of walking or falling into objects." Id.

Although plaintiff was previously prescribed contact lenses during his incarceration, he alleges that, since 2009, defendants have been using the Virginia Department of Corrections ("VDOC") Operating Procedure ("OP") 750.3 to deny contact lenses to plaintiff. Section 750.3 provides that "[c]ontact lenses will be supplied when medically indicated" and that "medical necessity" is "determined by the healthcare provider." Id. at ¶ 32. It is undisputed that since early 2009, plaintiff has not been prescribed contact lenses, and no treating medical provider has opined, diagnosed, or otherwise indicated that plaintiff's headaches result from eyeglasses. Bailey Aff. at ¶ 5, ECF No. 27-1; Schilling Aff. at ¶ 6, ECF No. 27-4. However, plaintiff alleges that VDOC and its medical staff are incorrectly interpreting this policy by placing a "higher threshold for prescribing contacts than for eyeglasses." Am. Compl. at ¶ 34, ECF No. 7. Plaintiff alleges that this policy "causes all doctors working under the purview of VDOC to deny contact lenses to plaintiff." Thus, according to plaintiff, the policy "establishes a causal link between the actions (or inactions) of the doctor in failing to prescribe contact lenses and the headaches incurred by plaintiff as a result of being made to wear eyeglasses as the only available remedy for plaintiff's vision correction." Id. at ¶ 41.

Plaintiff alleges that these facts constitute deliberate indifference to his serious medical needs. As defendants, plaintiff names Gene M. Johnson, Harold W. Clarke, John Jabe, Fred Schilling, and Doctor Harvard Stephens. Plaintiff alleges that these defendants are liable due to

2

their supervisory positions. Id. at ¶ 14–16, 18–9, 35. It is undisputed that Gene M. Johnson, Harold W. Clarke, John M. Jabe, and Fred Schilling are not medical doctors and have not made any medical decisions regarding plaintiff's need for contact lenses. Johnson Aff. at ¶ 4, ECF No. 27-2; Clarke at ¶ 4; Schilling Aff. at ¶ 4, ECF No. 27-4; and Jabe Aff. at ¶ 4, ECF No. 27-6. Defendant Doctor Harvard Stephens never met with plaintiff regarding his headaches, and was not involved in the treatment or diagnosis of plaintiff. Stephens Aff. at ¶ 4, ECF No. 27-5.

Plaintiff also names C. Mayes, the medical supervisor at Green Rock Correctional Center, as a defendant. Plaintiff alleges that C. Mayes "holds direct liability" because she determined that, pursuant to OP 750.3, plaintiff did not meet criteria for contacts, "despite the fact" that she is not a medical doctor. Am. Compl. at ¶ 156, ECF No. 7. Plaintiff alleges that in doing so, C. Mayes "supersede[d] the authority of a licensed physician." Id. at ¶ 157.

As relief, plaintiff seeks declaratory and injunctive relief as well as monetary damages. Id. at 48.

## II.     Defendant C. Mayes' Motion to Dismiss

### A. Standard of Review

A Federal Rule of Civil Procedure 12(b)(6) motion should be granted unless an adequately stated claim is "supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561 (2007) (internal citations omitted); see Fed. R. Civ. P. 12(b)(6). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Twombly, 550 U.S. at 555. A complaint is also insufficient if it relies upon "naked assertions devoid of further factual enhancement." Iqbal, 129 S. Ct. at 1949 (internal citations omitted).

To survive a Rule 12(b)(6) motion to dismiss a complaint must set forth "a claim for relief that is plausible on its face." Id.; Twombly, 550 U.S. at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 556.

In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. Mylan Lab., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). In addition to the complaint, the court may also examine "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S. Ct. 2499, 2509 (2007). "Conclusory allegations regarding the legal effect of the facts alleged" need not be accepted. Labram v. Havel, 43 F.3d 918, 921 (4th Cir. 1995). Because the central purpose of the complaint is to provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests," the plaintiff's legal allegations must be supported by some factual basis sufficient to allow the defendant to prepare a fair response. Twombly, 550 U.S. at 556 n.3.

B. Analysis

To state a claim for deliberate indifference to serious medical needs that rises to the level of a constitutional violation, a plaintiff must allege two distinct elements. First, he must allege a sufficiently serious medical need. See, e.g., Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, he must allege deliberate indifference to that serious medical need. Under this second prong, an assertion of mere negligence or even

4

malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). The prisoner must demonstrate that defendants' actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. (citations omitted). Significantly, a prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990).

Here, plaintiff's claims against C. Mayes must be dismissed because he has failed to allege facts sufficient to establish deliberate indifference. Plaintiff alleges that C. Mayes informed him that "because glasses [were] available" to him, his "condition did not require contact lenses." Am. Compl. at ¶ 156, ECF No. 6. Furthermore, C. Mayes allegedly informed plaintiff that "there [was] no order for contacts in [his] medical record" and that pursuant to OP 750.3, he did "not meet the criteria" for contacts. Id. at ¶¶ 158–59.

These allegations do not establish deliberate indifference by C. Mayes. First, C. Mayes was merely applying OP 750.3 as written. Based on the allegations, plaintiff's medical records did not indicate that contact lenses were medically necessary, and plaintiff does not allege that C. Mayes was in the position to provide plaintiff with contact lenses absent a prescription from a medical doctor. Furthermore, plaintiff does not allege that a medical doctor indicated in plaintiff's medical records that contact lenses were medically necessary, or that C. Mayes deliberately interfered with plaintiff receiving the contacts.[1]

---

[1] Upon review, ot has come to the Court's attention that, although the Clerk was directed to send a Notice of Lawsuit and Request for Waiver of Service to defendant Kim Runion, no Waiver of Service of Summons was returned on her behalf and service was not otherwise accomplished. At this time, it would be futile to effect service on Kim Runion and require her to file a response

Additionally, although plaintiff vehemently asserts that some form of vision correction other than eyeglasses is needed to correct plaintiff's vision and prevent headaches, the allegations establish that no medical doctor, either inside or outside of VDOC, has ever determined that (1) plaintiff's headaches are caused by eyeglasses or (2) that contact lenses are medically necessary for plaintiff's vision problems.[2] Therefore, plaintiff's belief that he needs a form of vision correction other than eyeglasses to prevent headaches is nothing more than a mere disagreement with medical staff over the course of his treatment.[3] Such a disagreement, as a matter of law, does not state a cause of action under § 1983. Therefore, defendants C. Mayes Motion to Dismiss will be granted.[4]

### III. Remaining Defendants' Motion for Summary Judgment

A. Standard of Review

In reviewing a Motion for Summary Judgment, courts must view the facts in the light most favorable to the party opposing the motion. Porter v. U.S. Alumoweld Co., 125 F.3d 243, 245 (4th Cir. 1997). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A "genuine" dispute as to a material fact is present "if the evidence is such that a reasonable jury could . . . return a verdict for the

---

because it is clear that plaintiff's allegations against her fail to state a claim. Plaintiff does not allege that Kim Runion was in the position to provide plaintiff with contact lenses absent a prescription from a medical doctor. Furthermore, plaintiff does not allege that a medical doctor indicated in plaintiff's medical records that contact lenses were medically necessary, but Kim Runion deliberately interfered with plaintiff receiving the contacts.

[2] To the contrary, plaintiff alleges that Doctor Elton Brown, the optometrist at Brunswick Correctional Center, "was unable to verify plaintiff's headaches" and was therefore "disallowed from prescribing anything other than eyeglasses for plaintiff's need vision-correction." Am. Compl. at ¶ 120, ECF No. 7.

[3] Plaintiff attempts to argue that his claim is "no mere disagreement" with prison medical staff. Am. Compl. at ¶ 162, ECF No. 7. However, this mere "naked assertion" unsupported by "further factual enhancement" is insufficient to state a claim. Iqbal, 129 S. Ct. at 1949.

[4] Because plaintiff's federal claim against C. Mayes will be dismissed, it is appropriate for the Court to decline to exercise supplemental jurisdiction as to the several state tort claims plaintiff asserts against C. Mayes. 28 U.S.C. § 1367(c)(3).

non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When a motion for summary judgment is made and supported by affidavits, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response must set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Unsubstantiated, conclusory claims without evidentiary support are insufficient to satisfy a non-moving party's burden on summary judgment. Carter v. Ball, 33 F.3d 450, 461-62 (4th Cir. 1994); Goldberg v. B. Green & Co., 836 F.2d 845, 848 (4th Cir. 1988).

B. Analysis

1. Defendants Gene M. Johnson, Harold Clarke, John Jabe, and Fred Schilling

Plaintiff alleges that defendants Gene M. Johnson, Harold Clarke, John Jabe, and Fred Schilling were deliberately indifferent to plaintiff's serious medical needs because these defendants had notice, either through letters or grievances, that VDOC medical personnel had prescribed eyeglasses instead of contacts and that plaintiff believed that his headaches were caused by eyeglasses. According to plaintiff, these defendants should have overridden the medical judgment of VDOC medical personnel and ordered plaintiff contact lenses instead of eyeglasses. None of these defendants are medical doctors.[5]

To state a medical treatment claim against non-medical personnel, the plaintiff must demonstrate that the non-medical personnel "were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physician's misconduct." Lewis v. Angelone, 926 F.Supp. 69, 73 (W.D. Va. 1996), citing Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990).

Based on the record, plaintiff has failed to establish a medical treatment claim against the non-medical defendants. First, the record establishes that there is no documentation in plaintiff's medical record indicating that plaintiff must be prescribed contact lenses in lieu of glasses. To

---

[5] These defendants will be referred to as "non-medical" defendants.

7

the contrary, there are repeated indications that contact lenses are <u>not</u> medically necessary. See Pl.'s Memo. Supp. Ex. i at 6, 10, 17, ECF No. 37-1; Memo. Supp. Ex. ii at 8, 9, 10, ECF No. 37-2. Likewise, there is no indication in plaintiff's medical record that eyeglasses cause plaintiff's alleged headaches.

Furthermore, the record establishes that none of the non-medical defendants were directly involved in the diagnosis or treatment of the plaintiff. Johnson Aff. at ¶ 4, ECF No. 27-2; Clarke Aff. at ¶ 4, ECF No. 27-3; Schilling Aff. at ¶¶ 4–5, ECF No. 27-4; Jabe Aff. at ¶ 5, ECF No. 27-6. The record also fails to establish that the non-medical defendants deliberately interfered with the orders of the institutional doctors. To the contrary, the non-medical defendants relied on the professional judgment of the institutional doctors and nurses who determined that contacts were not medically necessary for plaintiff. Johnson Aff. at ¶ 4, ECF No. 27-2; Clarke at ¶ 4, ECF No. 27-3; Schilling Aff. at ¶¶ 4–5, ECF No. 27-4; Jabe at ¶ 5, ECF No. 27-6. The record does not indicate that the non-medical defendants told VDOC medical personnel not to prescribe plaintiff contacts or that the non-medical defendants refused to do anything that a medical provider stated was medically necessary.

### 2. Defendant Doctor Harvard Stephens

Plaintiff also alleges the Doctor Harvard Stephens was deliberately indifferent to his serious medical needs because he did not prescribe plaintiff contacts. However, the record establishes that Doctor Stephens was not involved in the treatment or diagnosis of plaintiff. Stephens Aff. ¶ 4, ECF No. 27-5. Furthermore, Doctor Stephens was not involved in the process of determining whether contact lenses are medically necessary for an inmate. Id. at ¶ 5. Doctor Stephens is not an eye specialist, and he relies on the judgment of an optometrist or ophthalmologist to determine whether contact lenses are medically necessary for a particular inmate. Id. The record does not establish that Doctor Stephens told VDOC medical personnel

8

not to prescribe contacts or that the Doctor Stephens refused to do anything a medical provider stated was medically necessary.

### IV. Other Defendants

In plaintiff's initial complaint, he named A. David Robinson, J. LaFoon, Q. Birchette, G.F. Sivels, and C. Bailey as defendants. By Order dated March 30, 2011, plaintiff was directed to particularize and amend his complaint by inter alia naming every person he wished to include as a defendant and submitting a short, detailed statement of background facts describing specific conduct of each defendant. Plaintiff was advised that the amended complaint would serve as the sole complaint in this civil action. Plaintiff submitted the Amended Complaint on April 26, 2011. The Amended Complaint did not allege any claims against A. David Robinsin, J. Lafoon, Q. Birchette, G.F. Sivels, or C. Bailey. As such, these defendants must be dismissed from this action pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

### V. Outstanding Motions

Also before the Court are plaintiff's Motion for Leave to Amend his Motion for Reconsideration, and plaintiff's Motion to Supplement the Amended Motion for Reconsideration. By Order dated May 24, 2011, this Court dismissed plaintiff's Americans with Disabilities Act (ADA) claims against all defendants and all claims against defendants G. Robinson, Dr. Elton Brown, Dr. Kyrm, Dr. Spruill, and Prison Health Services pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. Plaintiff filed a motion for reconsideration, which the Court denied by Order dated July 29, 2011. Plaintiff appealed this Order to the United States Court of Appeals for the Fourth Circuit, which dismissed the appeal on April 4, 2012. On July 29, 2011, the Court denied plaintiff's Motion for Reconsideration. As such, plaintiff's Motion for Leave to Amend his Motion for Reconsideration and plaintiff's Motion to Supplement Amended Motion for Reconsideration must be dismissed as moot.

On August 11, 2011, plaintiff filed a Motion to Amend the July 29, 2011 Order. In that Motion plaintiff asked the Court to reconsider the dismissal of several of the defendants and his claims under the ADA. However, for the reasons stated in the July 29, 2011 Order and the May 24, 2011 Order, plaintiff's Motion to Amend the July 29, 2011 Order will be denied.

Plaintiff has also filed a Motion for Extension of Time to File a Reply to the Motion to Dismiss. Because plaintiff filed a Reply to the Motion to Dismiss, and that reply was considered in this Memorandum Opinion, plaintiff's Motion must be dismissed as moot.

## VI. Conclusion

For the foregoing reasons, defendant C. Mayes Motion to Dismiss will be granted, defendants Gene M. Johnson, Harold Clarke, John Jabe, Fred Schilling, Doctor Harvard Stephens' Joint Motion for Summary Judgment will be granted, and plaintiff's complaint will be dismissed. An appropriate Order and Judgment shall issue.

Entered this 19th day of October 2012.

/s/
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia